*R. H. Field, for appellant.*

---

## JOHN W. SANDERS *v.* J. C. LAWSON, ETC.

**Attachment—Garnishment Purchase Money—Title Must be Perfected Before Payment Can be Enforced.**

The pleadings show that appellant's indebtedness to Innes was for a tract of land for title to which he held the bond of the latter. By this bond Innes covenanted to make appellant a general warranty deed to the land. The appellant, who occupies the position of garnishee, should be allowed to avail himself of every defense he could have made had suit been brought against him by Innes. The court, in its judgment, does not attempt to invest appellant with the title to the land for which he is adjudged to pay.

APPEAL FROM HARDIN CIRCUIT COURT.

October, 1872.

OPINION BY JUDGE LINDSAY:

Lawson and Pusey should have brought original actions against Innes instead of making themselves parties to the suit of *Garnett's Administrator v. Garnett's Heirs, etc.,* but no objection was taken to the mode of proceeding in the court below, and this court will not reverse for that cause alone. We are aware of but two sections of our civil code, 248 and 274, authorizing judgments directly against persons indebted to parties who subject themselves to be proceeded against by attachment. The petitions of both appellees set out grounds of attachment against Innes, their debtor, and Sanders, who occupies the position of garnishee, cannot complain that orders of attachment were not sued out, nor the necessary bonds for the protection of Innes executed.

But he ought to have been allowed to avail himself of every defense he could have made had suit been brought against him by his creditor Innes, and of this right he has been deprived.

The pleadings show that his indebtedness to Innes is for a tract of land for title to which he holds the bond of the latter. By this bond Innes covenanted to make to Sanders a general warranty deed to the land. This has not been done, nor does the court, by its judgment, attempt to invest Sanders with the title. It merely adjudges that Innes' title is good, valid and legal and then compels Sanders to pay the purchase price and leaves him to his remedy against Innes to enforce a conveyance of title. In this the court erred. If Innes could not be gotten into court by actual service of process the proper steps should have been taken upon the constructive service to have authorized a judgment investing Sanders with the title, he has the right under his bond to demand. Further than this the petitions of appellats show that the holder of the legal title to the land is Gibbony and not Innes at all. The judgment must be reversed. Upon the return of the cause appellees should be allowed a reasonable time within which to so prepare the case as to authorize a judgment investing Sanders with title, in which

event they may have judgment against him for the amount of their debts against Innes.

*Brown, Murray, for appellant.*

*Montgomery, for appellees.*